NANCY BRICKER, Employee, Plaintiff,
v.
RHONEY FURNITURE HOUSE, Employer, SELECTIVE INSURANCE CO., Carrier, Defendants.
No. COA09-314.
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
Rudisill, White & Kaplan, P.L.L.C., by Garth H. White and John R. Blythe, for defendant-appellants.
Randy D. Duncan for plaintiff-appellee.
ROBERT N. HUNTER, JR., Judge.
In an Opinion and Award filed 9 December 2008, the Full Commission of the North Carolina Industrial Commission (the "Full Commission") determined that Nancy Bricker ("plaintiff") suffered a compensable change of condition in March 2007. Rhoney Furniture House ("employer") and Selective Insurance Company (collectively "defendants") appeal claiming the Full Commission erred by: (1) using 6 July 2000 as the date to determine whether a change of condition occurred, and (2) finding and concluding that there was a compensable change of condition. We affirm the Full Commission's Opinion and Award.

Background
In an Opinion and Award filed 5 August 2004 (the "2004 Opinion and Award"), the Full Commission concluded that plaintiff suffered compensable back injuries on 23 December 1998 and 24 July 1999, and awarded plaintiff: (1) permanent partial disability compensation for sixty weeks at a rate of $265.45 per week; (2) past and future medical expenses for treatment of her compensable back injury at the T12-L1 and L1-2 disks in her spine, chronic pain, and depression; (3) a $500 penalty for defendants' failure to file proper documentation; and (4) costs of the action.[1] The Full Commission did not award plaintiff medical expenses for hypertension or annular tears in the L2-3 and L3-4 disks in her spine. Compensation for these injuries was denied because the Full Commission found that plaintiff's hypertension was caused by smoking and a family history of cardiovascular disease, and that the evidence was insufficient to show that the annular tears at L2-3 and L3-4 were causally related to plaintiff's compensable back injury. Based on her compensable back injuries, the Full Commission found that plaintiff sustained a twenty percent permanent partial disability rating to her back.
After the 2004 Opinion and Award was filed, defendants did not provide the ordered treatments for plaintiff's depression and chronic back pain. As a result, by letters dated 17 October 2004 and 17 May 2006, plaintiff requested that defendants comply with the Full Commission's 2004 Opinion and Award. Plaintiff requested a hearing concerning defendants' noncompliance by filing a Form 33 on 2 February 2006. On 22 March 2007, plaintiff filed an amended Form 33 claiming that she had suffered a compensable change of condition entitling her to additional compensation.
After defendants failed to pay her medical expenses, plaintiff sought treatment on her own in April 2006 from Dr. Michael DeSantis. Plaintiff complained to Dr. DeSantis of excruciating pain at the site of her compensable back injury, the T12-L1 and L1-2 disks in her spine, where on 2 September 1999, plaintiff had surgery secondary to several disk herniations. Dr. DeSantis "testified that as a result of [p]laintiff's worsening condition with respect to her increased level of back pain and her depression, she became completely unable to work as of at least April 3, 2006." Dr. DeSantis referred plaintiff to Dr. Kenneth Leetz, a psychiatrist, and Dr. Douglas Pritchard, an anesthesiologist.
Dr. Leetz diagnosed plaintiff with chronic pain disorder and major depression on 12 February 2007. He further opined that plaintiff became completely unable to work as of at least 21 March 2007 due to plaintiff's compensable back injury in July 1999.
On 21 February 2007, plaintiff was referred to Dr. Hans Christian Hansen by defendants. Dr. Hansen opined that plaintiff was not exaggerating her complaints and symptoms, and that the pain was secondary to plaintiff's compensable back injury. Based on his observations, Dr. Hansen recommended that plaintiff continue to receive pain treatment, and stated that she could work in part-time, sedentary work.
Plaintiff's motion for additional compensation due to a compensable change of condition was heard on 6 June 2007 before Deputy Commissioner Robert Wayne Rideout, Jr. Deputy Commissioner Rideout denied plaintiff's claim for additional compensation, and ordered plaintiff to continue treatment with Dr. Hansen and Dr. Leetz.
Plaintiff appealed to the Full Commission. The Full Commission reversed the Deputy Commissioner's Opinion and Award on 9 December 2008 (the "2008 Opinion and Award"), and found as a fact that plaintiff suffered a compensable change of condition "on or about March 21, 2007" which "caused her to become totally disabled[.]" The Full Commission noted that even though Dr. DeSantis had recommended in March 2003 that plaintiff should not work in any employment, plaintiff had continued to work through 12 April 2003 despite her limitations. Moreover, the Full Commission concluded that Dr. Hansen's opinion that plaintiff could work in part-time, sedentary employment was not compelling since "such work would be futile, given [p]laintiff's age, work history, and current medical/psychiatric condition." Defendants appeal the Full Commission's 2008 Opinion and Award.

I.
Defendants argue that the Full Commission used the wrong date, 6 July 2000, as the date to ascertain whether plaintiff suffered a compensable change of condition. We disagree.
Under N.C. Gen. Stat. § 97-47 (2009), "upon the application of any party in interest on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded[.]" N.C.G.S. § 97-47. A change of condition must arise "after a final award of compensation." Bailey v. Sears Roebuck & Co., 131 N.C. App. 649, 654, 508 S.E.2d 831, 835 (1998) (emphasis added).
Defendants' argument rests on the assumption that the Full Commission used a date before 17 October 2005, the date the 2004 Opinion and Award was modified, to determine whether a change of condition occurred. However, a review of the record shows that the Full Commission properly concluded that plaintiff's change of condition arose after the modification of the 2004 Opinion and Award as required by N.C.G.S. § 97-47, even though 6 July 2000 is the date referenced in the 2008 Opinion and Award.
On 6 July 2000, plaintiff returned to work following her compensable back injury in December 1998. Because plaintiff returned to work on this date, the Full Commission concluded in the 2004 Opinion and Award that plaintiff's disability ended as of 6 July 2000, and that plaintiff was entitled to only the statutory rate for the permanent partial disability rating to her back. In the 2004 Opinion and Award, the Full Commission explained:
4. . . . In the instant case, defendants have successfully rebutted the presumption of continued disability by showing plaintiff returned to full time work on 6 July 2000 and continued to work earning the same or greater wages until sometime in January 2002, when the employer decided to close its business and file for bankruptcy. Therefore, plaintiff is not entitled to additional temporary total or temporary partial disability benefits as a result of this injury.
5. Under I.C. No. 144263, plaintiff is entitled to elect between partial disability compensation under N.C. Gen. Stat. § 97-30 or permanent partial disability compensation under N.C. Gen. Stat. § 97-31 at the rate of $265.45 per week for sixty weeks for the twenty percent (20%) rating to her back. Since plaintiff returned to work and regained her pre-injury wage earning capacity by 6 July 2000, compensation under N.C. Gen. Stat. § 97-31 was her more munificent remedy.
The gravamen of the 2004 Opinion and Award was that plaintiff no longer suffered from a compensable disability as of 6 July 2000, and that plaintiff was not entitled to any disability compensation beyond that date given her return to work at pre-injury wages. Even though the Full Commission did not reference the date 17 October 2005 in the 2008 Opinion and Award as the date after which plaintiff's change of condition occurred, it is clear that the Full Commission was using 6 July 2000 as a factual benchmark from the 2004 Opinion and Award. In referencing the date 6 July 2000 in the 2008 Opinion and Award, the Full Commission was pointing to a critical date in its prior opinion and award, and showing that plaintiff's change of condition had occurred after its former conclusion in the 2004 Opinion and Award that her disability had ended and she was not entitled to additional compensation. Thus, the Full Commission properly found that plaintiff's change in condition occurred "after a final award of compensation" under N.C.G.S. § 97-47. Bailey, 131 N.C. App. at 654, 508 S.E.2d at 835. These assignments of error are overruled.

II.
Defendants also claim that the Full Commission erred in finding and concluding that plaintiff sustained a compensable change of condition in March 2007 as a result of her increases in back pain and symptoms of depression. We disagree.

A. Standard of Review
This Court reviews an opinion and award from the Full Commission to determine: "'(1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact.'" Hassell v. Onslow Cty. Bd. of Educ., 362 N.C. 299, 305, 661 S.E.2d 709, 714 (2008) (citations omitted). If the Full Commission's findings of fact are supported by competent evidence, they are conclusive on appeal though other evidence may support a contrary finding. Id. This Court may not reweigh the evidence before the Full Commission, and as a result our "'"duty goes no further than to determine whether the record contains any evidence tending to support the finding."'" Id. (citations omitted). Conclusions of law are reviewed de novo. McRae v. Toastmaster, Inc., 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004).

B. Change of Condition
Defendants present two arguments in support of their contention that plaintiff has not shown a compensable change of condition: (1) the Full Commission erred in finding that a change of condition occurred, because there has been no change in plaintiff's earning capacity since the 2004 Opinion and Award, and (2) the Full Commission improperly found and concluded that plaintiff suffered a compensable change of condition based only on her increases in back pain and symptoms of depression, since adverse changes in these conditions did not affect plaintiff's earning capacity.
While defendants are correct that a change in earning capacity can support a finding of a change of condition, such a finding is not exclusive. A substantial decline in plaintiff's physical condition secondary to her compensable injuries, present here, can also support a compensable change of condition.
"[A] `change in condition' under N.C.G.S. § 97-47 [is] a condition occurring after a final award of compensation that is 'different from those exist[ing] when the award was made[,]' and results in a substantial change in the physical capacity to earn wages." Pomeroy v. Tanner Masonry, 151 N.C. App. 171, 179, 565 S.E.2d 209, 215 (2002) (citations omitted). To demonstrate that a change of condition has occurred under N.C.G.S. § 97-47, following a prior award by the Industrial Commission, a plaintiff may present evidence showing either: (1) "a change in the claimant's physical condition that impacts his earning capacity"; (2) "a change in the claimant's earning capacity even though claimant's physical condition remains unchanged"; or (3) "a change in the degree of disability even though claimant's physical condition remains unchanged." Blair v. American Television & Communications Corp., 124 N.C. App. 420, 423, 477 S.E.2d 190, 192 (1996).
With respect to the third method of proof, "[w]hen the Industrial Commission finds on one occasion that a person is permanently partially disabled and on a later occasion finds[,] based on additional evidence[,] that the person is totally disabled[,] this supports a finding of a change in condition." Hubbard v. Burlington Industries, 76 N.C. App. 313, 316, 332 S.E.2d 746, 748 (1985) (citing West v. Stevens Co., 12 N.C. App. 456, 461, 183 S.E.2d 876, 879 (1971) (evidence sufficient to show change of condition where the same injury in the employee's leg changed from a 12.5% disability rating to a 27.5% disability rating after a prior award)). A plaintiff must show that circumstances causing the change in disability arose after a past award made by the Industrial Commission, because "'the change must be actual, and not a mere change of opinion with respect to a pre-existing condition.'" Pratt v. Upholstery Co., 252 N.C. 716, 722, 115 S.E.2d 27, 33 (1960) (citation omitted).
In the 2008 Opinion and Award, the Full Commission found:
26. The Full Commission further finds, based upon the greater weight of the evidence, that [p]laintiff suffered a compensable change in condition with respect to both her increased level of back pain, which is now more severe than it was following her July 6, 2000 return to full-time, full-duty work, and her depression, which is now more severe, according to medical and psychiatric testimony. Both the increased level of back pain and the more severe depression are causally related to [p]laintiff's July 24, 1999 work injury, and caused her to become totally disabled as of March 2007.
Defendants' arguments fail to contest the key portion of this finding: plaintiff is now totally disabled. In the 2004 Opinion and Award, the Full Commission determined that plaintiff was entitled to benefits for a permanent partial disability to her back under N.C.G.S. § 97-31, because plaintiff returned to work at pre-injury wages on 6 July 2000. If plaintiff did not suffer from a continuing compensable disability at the time of the 2004 Opinion and Award, but is now totally disabled as of the filing of the 2008 Opinion and Award for the same injuries, then clearly a change of condition with respect to plaintiff's compensable injuries has occurred under the holding of Hubbard. See also Blair, 124 N.C. App. at 423, 477 S.E.2d at 192.
Defendants present evidence on appeal to support their argument that plaintiff was actually unable to work as of 2003, prior to the filing of the 2004 Opinion and Award. Defendants contend that plaintiff was totally disabled and unable to work in any employment prior to the 2004 Opinion and Award, and therefore her earning capacity could not have changed between the Full Commission's previous decision and the filing of the 2008 Opinion and Award.
We decline to address defendants' evidence. It is not within the scope of this Court's review to reweigh evidence presented to the Industrial Commission, particularly if the evidence is offered in support of establishing a conclusion that is contrary to a previous decision of the Industrial Commission not presented on appeal. Hassell, 362 N.C. at 305, 661 S.E.2d at 714; see Thomas M. McInnis & Assoc., Inc. v. Hall, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986) (Under the doctrine of collateral estoppel, "a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies."). If this Court held that defendants' evidence showed that plaintiff was totally disabled in 2003 as defendants suggest, our decision would be inapposite to the 2004 Opinion and Award which held that plaintiff was limited to benefits for a permanent partial disability rating to her back. As such, a discussion of defendants' argument is precluded by the doctrine of collateral estoppel and the scope of our standard of review.
Since defendants do not contend that the Full Commission erred in finding that plaintiff is totally disabled, we conclude that plaintiff has demonstrated a compensable change of condition following the 2004 Opinion and Award, and that she is entitled to additional compensation. These assignments of error are overruled, and the Opinion and Award of the Full Commission is
Affirmed.
Judges STEPHENS and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] The 2004 Opinion and Award was modified by order on 17 October 2005 to reflect a portion of plaintiff's evidence that was submitted to the Full Commission but not discussed in its Opinion and Award. The Full Commission's modification order did not affect the award or any conclusions of law in the 2004 Opinion and Award.