TERESA L. GARNER, Employee, Plaintiff v. CAPITAL AREA TRANSIT, Employer, AMERICA HOME ASSURANCE CO., Carrier, and AIG CLAIM SERVICES, INC., Servicing Agent, Defendants

No. COA10-149

(Filed 7 December 2010)

**Workers' Compensation—injury by accident—unreliable testimony**

The Industrial Commission did not err by denying plaintiff's claim for workers' compensation benefits. Competent evidence in the record supported the Commission's finding that plaintiff's testimony regarding a bus accident was inconsistent with the greater weight of the evidence. Further, plaintiff's medical causation testimony did not establish a compensable injury because it was based upon this unreliable testimony.

---

Appeal by plaintiff from Opinion and Award entered 23 October 2009 by the North Carolina Industrial Commission. Heard in the Court of Appeals 1 September 2010.

*Patterson Harkavy LLP, by Valerie A. Johnson and Narendra K. Ghosh, for plaintiff-appellant.*

*Teague Campbell Dennis & Gorham L.L.P., by Jan N. Pittman, for defendant-appellees.*

STEELMAN, Judge.

The Industrial Commission found that plaintiff's version of the alleged accident was not credible. Because the medical causation testimony was based upon this unreliable testimony, plaintiff failed to establish that she was injured as a result of a compensable accident under Chapter 97 of the General Statutes.

## I. Factual and Procedural Background

In 2007, Teresa L. Garner (plaintiff) was employed by Capital Area Transit (CAT) as a bus driver. Prior to 2007, plaintiff was involved in three separate bus accidents and as a result injured her neck, back, and arm. On 9 March 2007, plaintiff was driving bus #103, which was parked behind bus #1235 waiting to begin its route at the station. At approximately 4:30 p.m., Bus #1235 rolled backwards towards plaintiff's bus and hit the front of bus #103. Plaintiff contended that this contact caused her to be thrown back and she "heard something pop[.]" Plaintiff and Stephanie Wright (Wright) filled out a Raleigh Transit Division ATC accident report, which did not indicate that any injuries had occurred. Police investigated the accident, but a report was not filed due to the lack of damage to the buses and lack of injuries. Wright described the impact as "a little nudge" and stated that the impact was less than going over a speed bump. Following the accident, plaintiff continued with her shift at 5:15 p.m. Plaintiff asserted that she subsequently began to feel pain and tightness in her neck. When plaintiff finished her shift at 7:17 p.m., she submitted a work injury report to CAT. Plaintiff asserted that she injured her neck, back, and shoulder.

On 10 March 2007, plaintiff visited the Wake Medical Center Emergency room. Plaintiff's chief complaint was neck pain. However, plaintiff's neck did not reveal any tenderness and she had good range of motion. The emergency room physician concluded "[p]atient's mechanism of injury and exam appear to be physiologically impossi-

ble to relate to her accident." Plaintiff was discharged and ordered to take two Tylenol every four hours. Two days later, plaintiff visited Concentra Medical Centers and presented to Dr. Michael J. Landolf. Plaintiff again complained of neck, shoulder, and back pain. An x-ray showed degenerative changes in plaintiff's cervical spine with anterior osteophytes at C5 and C6 and a reversal of the normal curvature of the spine. Dr. Landolf restricted plaintiff to no lifting over fifteen pounds, and no pushing or pulling over thirty pounds of force. Plaintiff was also directed not to drive a bus and was referred to physical therapy. On 15 March 2007, plaintiff's cervical strain was resolved and she was released to regular work duty. On 10 April 2007, plaintiff was continued on regular work activity and released from medical care. On that same day, CAT denied her claim for workers' compensation benefits.

On 13 June 2007, plaintiff presented to Dr. Paul B. Suh (Dr. Suh), an orthopaedic surgeon, without a referral. Plaintiff complained of neck, mid-back, and left-arm pain. Dr. Suh diagnosed plaintiff with cervical degenerative disc disease and cervical radiculopathy. Dr. Suh opined that the 9 March 2007 bus accident "served to aggravate a preexisting condition of cervical degenerative disc disease." On 28 February 2008, Dr. Suh performed an anterior cervical diskectomy and fusion. After the surgery, plaintiff was unable to work in any capacity.

On 23 October 2009, the Full Commission entered an Opinion and Award denying plaintiff workers' compensation benefits. The Commission found that plaintiff's testimony regarding her version of the accident was inconsistent with the greater weight of the evidence, and that because Dr. Suh relied upon the veracity of plaintiff's version of events, his opinion regarding causation and aggravation of plaintiff's pre-existing condition was also inconsistent with the greater weight of the evidence. Plaintiff appeals.

## II. Standard of Review

The applicable standard of appellate review in workers' compensation cases is well established. Appellate review of an opinion and award from the Industrial Commission is generally limited to determining: "(1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005) (citing *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 379 (1986)).

*Hassell v. Onslow Cty. Bd. of Educ.*, 362 N.C. 299, 305, 661 S.E.2d 709, 714 (2008). The Commission is the sole judge of the credibility of the witnesses and the weight to be given to the evidence before it. *Id.* This Court does not "have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Id.* (quotations omitted). The Commission's findings of fact are conclusive when supported by competent evidence, even though there may be evidence that would support findings to the contrary. *Id.* The Commission's conclusions of law are reviewed *de novo. McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004).

### III. Medical Causation

In her first argument, plaintiff contends there is no competent evidence in the record to support the Commission's finding that Dr. Suh's opinion pertaining to causation was based upon unproven facts provided by plaintiff. We disagree.

"[A]ggravation of a pre-existing condition which results in loss of wage earning capacity is compensable under the workers' compensation laws in our state." *Smith v. Champion Int'l*, 134 N.C. App. 180, 182, 517 S.E.2d 164, 166 (1999). It is well-established that "[t]he claimant in a workers' compensation case bears the burden of initially proving each and every element of compensability, including a causal relationship between the injury and his employment." *Adams v. Metals USA*, 168 N.C. App. 469, 475, 608 S.E.2d 357, 361 (quotation omitted), *aff'd per curiam*, 360 N.C. 54, 619 S.E.2d 495 (2005). When a case involves "complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." *Holley v. ACTS, Inc.*, 357 N.C. 228, 232, 581 S.E.2d 750, 753 (2003) (quotation omitted).

In the instant case, only one medical expert was deposed and opined as to whether the 9 March 2007 accident aggravated plaintiff's pre-existing condition of cervical degenerative disc disease. The Commission made the following findings of fact regarding this issue:

19. Based upon the medical evidence, lay and expert testimony, and the video of the accident from Ms. Wright's bus, the Full Commission finds plaintiff's testimony to be inconsistent with the greater weight of the evidence.

20. Although Dr. Suh opined that the March 9, 2007 bus incident aggravated plaintiff's pre-existing condition of cervical degenerative disc disease, the greater weight of the evidence is to the contrary. Dr. Suh relies on the veracity of plaintiff's version of the events and complaints surrounding her cervical condition and his opinion regarding causation and aggravation of plaintiff's preexisting condition is inconsistent with the greater weight of the evidence.

The Commission then concluded that:

As Dr. Suh's testimony regarding the causation of plaintiff's cervical condition was based upon unproven facts presented by plaintiff, Dr. Suh's opinion is not sufficiently reliable to qualify as competent evidence concerning the nature and cause of plaintiff's injuries. . . . *In the instant case, dubious histories related by plaintiff form the bases of information contained in medical records and other evidence.*

(Emphasis added.)

During his deposition testimony, Dr. Suh stated that his opinion on causation was "primarily" based upon plaintiff's description of the events that occurred on 9 March 2007 and the onset of her symptoms. Dr. Suh's opinion was based upon the following facts posed in a hypothetical question concerning what transpired when the buses collided: Plaintiff was driving a bus for CAT. Bus #1235 rolled into her bus and the impact was so great that it "[threw] her back." Plaintiff heard her neck pop and subsequently felt pain. She wrote an injury report several hours later and visited the emergency room the next day complaining of neck pain. Based upon that account of events, Dr. Suh opined that the bus incident exacerbated plaintiff's pre-existing cervical degenerative disc disease. Dr. Suh did not have any independent knowledge of how the incident occurred and acknowledged that his opinion was based upon the accuracy of the information related to him by plaintiff.

However, there was evidence presented to the Commission that contradicted plaintiff's account of events and her assertion that the impact was so great that she was thrown backwards. By plaintiff's account, she was sitting down and wearing a seatbelt when the incident occurred. The Commission viewed a surveillance video and found as a fact that "[a]ccording to the video surveillance from bus #1235 operated by Ms. Wright, Ms. Wright was standing at the time the buses made contact. *The incident did not cause Ms. Wright to*

*be jerked or to fall.* Ms. Wright indicated that she felt only a nudge when the buses made contact."[1] (Emphasis added.) Plaintiff asserts that the video shows the passengers standing on bus #1235 stumbling due to the impact. However, plaintiff failed to challenge the above finding of fact and it is therefore binding on appeal. *Estate of Gainey v. Southern Flooring & Acoustical Co.*, 184 N.C. App. 497, 501, 646 S.E.2d 604, 607 (2007). We also note that plaintiff did not include the surveillance video as part of the record on appeal. *See Hicks v. Alford*, 156 N.C. App. 384, 389, 576 S.E.2d 410, 414 (2003) ("It is the duty of the appellant to ensure that the record is complete." (citation omitted)).

In addition, defendant's expert witness, an engineer and accident reconstructionist, testified that bus #1235 rolled back approximately five feet and there was only a "slight" movement upon impact. The delta V, or the change in the speed of the vehicles, was 1 to 1.7 miles per hour. There was no damage to plaintiff's bus as a result of the accident. After the incident occurred, plaintiff resumed her bus route for two hours before she reported any injury. The next day, plaintiff presented to a physician at WakeMed Emergency Services and stated to him that "[s]he expects this will be a legal case and has legal representation." Plaintiff's neck did not reveal any tenderness and had good range of motion. The treating physician concluded that her "mechanism of injury and exam appear to be physiologically impossible to relate to her accident."

Defendant also presented deposition testimony from Michael L. Woodhouse, Ph.D. regarding the biomechanical analysis of the force acting upon the bus and its impact on plaintiff. Plaintiff's counsel objected to Woodhouse's deposition testimony in its entirety as being unreliable and having no probative value. The Commission made no findings of fact as to the reliability or admissibility of Woodhouse's deposition testimony. Nothing in the Opinion and Award of the Commission indicates that the Commission relied upon Woodhouse's testimony in rendering its decision.

It is clear from the Commission's findings and conclusions that it did not find plaintiff's testimony regarding the accident to be credible. It is well-established that "[t]he Commission is not required to accept the testimony of a witness, even if the testimony is uncontradicted." *Hassell*, 362 N.C. at 307, 661 S.E.2d at 715 (citation omitted);

---

1. Wright testified that the impact from the collision was less than going over a speed bump.

*see also Harrell v. Stevens & Co.*, 45 N.C. App. 197, 205, 262 S.E.2d 830, 835 ("[T]he Commission may properly refuse to believe particular evidence."), *disc. review denied*, 300 N.C. 196, 269 S.E.2d 623 (1980). We hold that competent evidence in the record supports the Commission's finding that plaintiff's testimony regarding the bus accident was "inconsistent with the greater weight of the evidence."

The Commission properly concluded that because Dr. Suh's opinion regarding causation was based upon "dubious histories related by plaintiff," that it was not sufficiently reliable to qualify as competent evidence as to the cause of her injuries. *See generally Hassell*, 362 N.C. at 308, 661 S.E.2d at 715 (holding that the Commission properly considered the expert witness's testimony regarding the plaintiff's alleged occupational disease and afforded it little weight because the expert could not speak to the validity of the plaintiff's complaints about the school work, and the expert only dealt with plaintiff's perceptions regarding her work environment). The Commission's Opinion and Award is affirmed.

AFFIRMED.

Judges BRYANT and BEASLEY concur.