An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1389

Filed: 21 July 2015

North Carolina Industrial Commission, I.C. File No. Y03230

SHARON WALKER, Employee, Plaintiff

v.

HOLDEN TEMPORARIES, INC., Employer, KEY RISK INSURANCE COMPANY, Carrier, Defendants.

Appeal by Plaintiff from opinion and award entered 12 September 2014 by the North Carolina Industrial Commission. Heard in the Court of Appeals 23 April 2015.

*Scudder & Hedrick, PLLC, by John A. Hedrick, for Plaintiff-appellant.*

*Prather Law Firm, P.C., by J.D. Prather for Defendants-appellees.*

DILLON, Judge.

Sharon Walker ("Plaintiff") appeals from an opinion and award from the Full Commission denying her claim for workers' compensation benefits. For the following reasons, we affirm the Commission's opinion and award.

## I. Background

Plaintiff began working for Holden Temporaries, Inc. ("Defendant"), a temporary employment agency, in April 2011. In October 2011, she was assigned to work at AAR Corporation, a company which manufacturers mobility shelters for the

United States military.  Plaintiff's job included cleaning the inside of the shelters with acetone or alcohol and priming and painting any bare metal surfaces.  She stated that she performed her work without any respiratory protection, beyond paper dust masks, and the shelters did not have any inside fan or exhaust system.

In December 2011, she complained of some shortness of breath and nausea and was taken by a night shift supervisor to the hospital where she was admitted for four days.  She subsequently returned to work.

In March 2012, Plaintiff was admitted to another hospital due to shortness of breath and was subsequently diagnosed with interstitial lung disease and hypersensitivity pneumonitis secondary to occupational exposure.  She underwent testing and had a lung biopsy.

In June 2012, Plaintiff filed a Form 18 claiming that she sustained an injury or occupational disease to her "[r]espiratory system" as a result of "exposure to chemicals, fumes and respiratory irritants" while working for Defendant.  Defendant filed a Form 61 denying liability for Plaintiff's respiratory condition.

After a hearing on the matter, a deputy commissioner filed an opinion awarding Plaintiff medical and disability compensation.  Defendant filed notice of appeal to the Full Commission.

After review, the Full Commission reversed the decision of the deputy commissioner and denied Plaintiff's claim. Plaintiff timely noticed an appeal to this Court.

## II. Analysis

Plaintiff contends that the Commission erred in denying her claim because (1) the Commission made findings based on the opinion of a certain expert; and (2) the Commission's finding that Plaintiff's condition was not associated with chemical exposure *to a reasonable degree of medical certainty* was unsupported by the evidence.

In reviewing an opinion and award of the Full Commission, this Court must determine whether competent evidence supports the Commission's findings of fact and whether those findings so supported are sufficient, in turn, to support the Commission's conclusions of law. *Legette v. Scotland Mem'l Hosp.*, 181 N.C. App. 437, 442, 640 S.E.2d 744, 748 (2007). Findings supported by competent evidence are binding on appeal, "even if the evidence might also support contrary findings. The Commission's conclusions of law are reviewable *de novo*." *Id.* at 442-43, 640 S.E.2d at 748. The Industrial Commission is the sole judge of the credibility of the witnesses and the weight of the evidence, *Hassell v. Onslow County Bd. of Educ.*, 362 N.C. 299, 305, 661 S.E.2d 709, 714 (2008), and, therefore, "may believe all or a part or none of any witness's testimony." *Harrell v. J.P. Stevens & Co.*, 45 N.C. App. 197, 205, 262 S.E.2d 830, 835 (1980).

A. The Industrial Hygiene Study

Plaintiff argues that the Commission erred in finding and relying on the opinion of a medical expert, Dr. Hall, who based his opinion in part on the 2013 industrial hygiene study. Specifically, Plaintiff contends that the 2013 study was not valid because Defendant failed to show that the conditions in which the study was performed were "substantially similar" to the conditions in which Plaintiff worked.

Plaintiff is seeking benefits for an unspecified respiratory condition which she contends is a compensable "occupational disease." As it is an unspecified respiratory condition, it is not one of the enumerated "occupational diseases" listed in N.C. Gen. Stat. § 97-53 (2013). A claim for an occupational disease not otherwise listed in the statute must be established pursuant to N.C. Gen. Stat. § 97-53(13), which states an occupational disease is

> [a]ny disease, other than hearing loss covered in another subdivision of this section, which is proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment.

Our Supreme Court has established a three-part test to determine whether a condition is compensable under N.C. Gen. Stat. § 97-53(13), a test which requires a plaintiff to show: 1) that the condition for which the plaintiff seeks compensation is "characteristic of persons engaged in the particular trade or occupation in which the

claimant is engaged;" 2) that the condition is "not an ordinary disease of life to which the public generally is equally exposed with those engaged in that particular trade or occupation;" and 3) that there is "a causal connection between the disease and the [claimant's] employment." *Rutledge v. Tultex Corp.*, 308 N.C. 85, 93, 301 S.E.2d 359, 365 (1983).

"Plaintiff has the burden of proving that her claim is compensable under the Workers' Compensation Act and specifically here, that her claim qualifies as an occupational disease[,]" *Hassell*, 362 N.C. at 306, 661 S.E.2d at 714, and that a medical condition is causally related to the employment. *Slizewski v. International Seafood, Inc.,* 46 N.C. App. 228, 232-33, 264 S.E.2d 810, 813 (1980). And "where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." *Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980).

Here, the Commission considered the deposition testimonies of three physicians that treated Plaintiff: Dr. Knuston, a specialist in emergency medicine; Dr. Hayes, a specialist in internal and pulmonary medicine; and Dr. Hall, a specialist in pulmonary and critical care medicine. In its findings, the Commission gave greater weight to the opinions of Dr. Knutson and Dr. Hall, on the issue of causation. Though

Dr. Hayes opined that Plaintiff's exposure at AAR placed her at a greater risk of developing the condition as compared to members of the general public and that Plaintiff's condition was caused by her employment at AAR, Dr. Knutson and Dr. Hall disagreed with Dr. Hayes' opinion. Dr. Knutson opined that based on the late onset of Plaintiff's conditions it was unlikely that her condition was *caused* by chemical exposure, and Dr. Hall opined that Plaintiff's work at AAR did not place her at increased risk of developing her condition as compared to members of the public in general. Plaintiff challenges the portions of the findings in which Dr. Hall relied upon an industrial hygiene report in making his conclusion. However, Dr. Hall based his opinion that Plaintiff's condition was not caused by her employment with AAR, not only the report, but also on her CT scans and Plaintiff's medical history.

Specifically, the Commission found that Dr. Hall's opinion as to causation

> was based upon the minimal amount of chemicals shown in the industrial hygiene report, the fact that the CT scans taken after plaintiff left AAR continued to show ground-glass opacities which were suggestive of active inflammation, and the fact that the history provided by plaintiff was not indicative of an acute event.

As to the CT scans, the Commission specifically found that Dr. Hall opined that

> if plaintiff's condition was caused by chemical exposures at AAR, he would expect to see less active inflammation and more scarring, once she was removed from the workplace, which was not depicted on plaintiff's CT scans. When asked what the cause of plaintiff's CT finding could be, if not her workplace exposure, Dr. Hall indicated that it could be something that she was breathing in, or connective

tissue or autoimmune disease.

As to Plaintiff's medical history, the Commission specifically found that Dr. Hall opined that

> [r]egarding the timing of the onset of plaintiff's symptoms, Dr. Hall noted that the fact that the onset occurred at the end of a period when plaintiff was not working would not support a causal connection between plaintiff's workplace exposure and her condition "because, given the x-ray findings of acute bilateral infiltrates, I would think, if I'm going to call that hypersensitivity pneumonitis, it would have to be acute, which would imply an acute exposure. And if her symptoms began while off [of work], then she had no acute work exposure. . . ."

It was Plaintiff's burden to establish that her condition was an "occupational disease" and specifically that the condition was caused by her employment with AAR. Even assuming *arguendo* that the Commission erred in relying on the portion of Dr. Hall's deposition testimony regarding causation that was based on the industrial hygiene study, it did not err in basing its conclusion on Dr. Hall's opinion because Dr. Hall gave two other independent reasons to support his opinion. Accordingly, Plaintiff's argument is overruled.

### B. Findings regarding chemical exposure

Plaintiff next contends that the Commission erred in making finding of fact 27 that "Dr. Knutson opined *to a reasonable degree of medical certainty* that plaintiff's condition when he treated her was unlikely to be associated with chemical exposure."

(Emphasis added.) Specifically, Plaintiff points out that Dr. Knutson did not ever state that his opinion was to a "reasonable degree of medical certainty."

As Plaintiff contends, it is true that an expert witness's testimony that is based on mere speculation and conjecture does not qualify as competent evidence on issues of medical causation. *Holly v. Acts. Inc.*, 357 N.C. 228, 232, 581 S.E.2d 750, 753 (2003). However, here, Dr. Knutson's opinion regarding causation was clear. Dr. Knutson testified that upon looking at her x-ray, he saw that Plaintiff had pneumonia and ultimately determined that it was possibly a viral infection and not caused from chemical exposure at her employer. We hold Dr. Knutson's testimony supports the finding that Dr. Knutson opined that "plaintiff's condition when he treated her was unlikely to be associated with chemical exposure."

As to Plaintiff's argument regarding the phrase in the finding that Dr. Knutson's stated his opinion to "reasonable degree of medical certainty," we note that "the expert testimony need not show that the work incident [did not] cause the injury to a reasonable degree of medical certainty." *Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 599, 532 S.E.2d 207, 211 (2000). Rather, it need only provide some evidence that the condition "might have or could have produced the particular disability in question." *Id.* However, in order to satisfy Plaintiff's burden of proof, expert opinions as to causation must reflect the preponderance of the evidence such as in terms of "reasonable degree of medical certainty" and not possibilities or speculation. *Holley*,

357 N.C. at 234, 581 S.E.2d at 754. Here, Dr. Knutson's testimony was not offered as competent evidence to *support* Plaintiff's burden but rather to *rebut* that burden, as he opined that Plaintiff's condition was *not* caused by her work at AAR. Therefore, any error by the Commission in finding that Dr. Knutson stated his opinion to a "reasonable degree of medical certainty" is harmless in this case.

For the foregoing reasons, we affirm the Commission's opinion and award denying Plaintiff's claim's for compensation.

AFFIRMED.

Judge ELMORE concurs.

Judge GEER concurs in the result only.

Report per Rule 30(e).