CAROL ROBERTS, Employee, Plaintiff v. DIXIE NEWS, INC., Employer, HARLEYSVILLE, Carrier, Defendants

No. COA07-687

(Filed 1 April 2008)

**1. Workers' Compensation— temporary total disability—sufficiency of findings of fact**

The Industrial Commission did not err in a workers' compensation case by giving plaintiff employee temporary total disability from 4 November 2004 through 2 January 2005 and from 25 January 2005 forward even though defendants contend two findings are not supported by the evidence because: (1) none of the findings was completely lacking in foundation in the record, and the Commission's findings must have absolutely no basis in the record in order to be overturned; (2) defendants presented no evi-

ROBERTS v. DIXIE NEWS, INC.

[189 N.C. App. 495 (2008)]

dence on these two points to the Industrial Commission, and now point to nothing more than a recitation of accepted facts that they now attempt to cast in a sinister light; and (3) although defendants contend the Commission's order did not explain in enough detail how it concluded the second injury was an aggravation of the first rather than an independent cause, the order goes through a chronology of plaintiff's treatment and injuries, and references plaintiff's medical records, the reports of the doctors, and plaintiff's own testimony.

**2. Workers' Compensation— authorization to stop payment of benefits—request for late penalty for failure to make payments**

The Industrial Commission did not err in a workers' compensation case by concluding that defendants were authorized to stop payment of plaintiff employee's benefits and that a 10% penalty should not be assessed based on an alleged improper delay in paying the benefits owed to plaintiff because: (1) defendant employer was authorized to stop making payments under Workers' Compensation Rule 404A(5) and N.C.G.S. §§ 97-83 and -84 as a result of the 17 November 2005 opinion and award; and (2) defendants were not required to pay a late penalty since the Court of Appeals did not hold that defendants should have resumed payments after the 17 November 2005 order.

Appeal by plaintiff from an order entered 2 February 2006 and and by defendants from an opinion and award entered 12 March 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 12 December 2007.

*The Sumwalt Law Firm, by Vernon Sumwalt and Mark T. Sumwalt, for plaintiff-appellant.*

*Allen, Kopet & Associates, PLLC, by Scott J. Lasso, for defendant-appellants.*

HUNTER, Judge.

Dixie News, Inc., and Harleysville ("defendants") appeal from an opinion and award by the Full Industrial Commission entered on 12 March 2007. Carol Roberts ("plaintiff") cross-appeals from an order by the Chairman of the Industrial Commission entered on 2 February 2006. After careful review, we affirm as to both.

ROBERTS v. DIXIE NEWS, INC.

[189 N.C. App. 495 (2008)]

I.

In 2003, plaintiff was employed by defendant Dixie News as a magazine route distributor, warehouse manager, and inventory specialist and controller. These positions required her to lift up to 100 pounds on a daily basis, usually bins or racks of magazines. On 7 May 2003, plaintiff sustained an admittedly compensable injury while moving a large magazine rack in the course of her employment. Defendants began paying periodic compensation to plaintiff for total disability starting on 8 May 2003.

Plaintiff was treated by a neurosurgeon and, later, a rehabilitation therapist for her injuries, completing a rehabilitation program on 11 May 2004. According to her doctor, she retained a ten percent (10%) permanent partial disability and was assigned permanent work restrictions of lifting no more than twenty-five pounds.

Plaintiff was not assigned a vocational rehabilitation specialist and so began to seek work on her own. From 31 August 2004 through 3 November 2004, plaintiff worked for a catering company in what was touted as an office job but in fact required her to lift up to ninety pounds on a regular basis. She was terminated from this position on 3 November 2004 because she could not perform the job's required physical tasks. Defendants did not reinstate her disability compensation after she lost this position on 3 November 2004.

On 3 January 2005, plaintiff began work for Kerhules News in Union County, South Carolina, apparently performing tasks very similar to her work for defendant Dixie News. Plaintiff testified that Kerhules News was aware of the restrictions on how much she could lift, but she was required to lift bins weighing twenty-eight to seventy-one pounds. On 14 January 2005, while lifting a bin of magazines, plaintiff re-injured her back and subsequently lost her job at Kerhules. After this incident, defendants refused to authorize doctors' visits, claiming that plaintiff had sustained a new injury and, since it was sustained in the course of her employment for Kerhules News, any workers' compensation claim she might have was against that company.

On 15 June 2005, plaintiff made a motion to Deputy Commissioner Adrian Phillips to compel defendants to reinstate plaintiff's total disability compensation. Plaintiff argued that her physician had completed a Form 28U (Employee's Request that Compensation be Reinstated After Unsuccessful Trial Return to Work), pursuant to

which defendants were required by the Industrial Commission's rules to resume payment of compensation. The motion further stated that defendants, through counsel, had informed plaintiff that they would not honor the form, though there is no explanation as to why. Plaintiff noted that defendants may contest the reinstatement but, per the rules, must first reinstate it.

On 16 June 2005, Deputy Commissioner Phillips ordered that defendants reinstate plaintiff's compensation before a hearing scheduled for 28 June 2005. Defendants did so. On 17 November 2005, Deputy Commissioner Phillips issued his ruling from that hearing, holding that the second injury constituted a new injury and cut off defendants' liability from 14 January 2005 forward. Plaintiff immediately appealed the ruling to the Full Commission. From the time of this ruling on 17 November 2005 until the Full Commission's ruling on 12 March 2007, defendants made no payments to plaintiff.

Between the two rulings, on 7 December 2005, plaintiff made a motion to the Commission requesting that defendants be required to continue payments until the appeal was resolved. On 2 February 2006, an order by Deputy Commissioner Buck Lattimore was entered ("the February order") "hold[ing] plaintiff's motion to immediately reinstate disability compensation in abeyance until consideration by the Full Commission at the hearing of this matter."

On 12 March 2007, the Full Commission issued an opinion and award giving plaintiff temporary total disability from 4 November 2004 through 2 January 2005 and from 25 January 2005 forward. Defendants were also ordered to pay for medical treatment for plaintiff's injury. Defendants appeal from this order; plaintiff cross-appeals, arguing that defendants stopped payment of her benefits after Deputy Commissioner Phillips's November 2005 order without authorization and that Commissioner Lattimore's February order holding the motion in abeyance was error.

II. Defendants' Appeal

[1] Defendants argue that the following findings made by the Industrial Commission are not supported by competent evidence:

24. Defendants have presented no evidence of an intervening event that interrupts their admissions of compensability and liability with respect to plaintiff's compensable May 7, 2003 injury. Further, there is no evidence that plaintiff intentionally tried to

re-injure herself by performing heavy work activities for a new employer.

. . .

32. Plaintiff's increase in pain following the January 14, 2005 incident was a manifestation of plaintiff's prior compensable injury, and thus, was not an independent, intervening cause. Further, there is no evidence that the incident was attributable to plaintiff's own intentional conduct.

All of these arguments are without merit.

As defendants note, on appeal, the Industrial Commission's findings of fact "are conclusive where supported by competent evidence" and may be set aside only " 'when there is a complete lack of competent evidence to support them.' " *Flynn v. EPSG Mgmt. Servs.*, 171 N.C. App. 353, 356, 614 S.E.2d 460, 462 (2005) (citation omitted). None of the disputed findings is completely lacking in foundation in the record.

As to the first disputed finding of fact, defendants argue that the Commission ignored evidence they presented of an intervening event between plaintiff's two injuries. This argument blends into their argument as to the second disputed finding of fact, in that the claimed intervening event was plaintiff's second injury, which they claim she inflicted on herself. Defendants argue the Commission erred in finding that they did not present evidence on these points. This argument is without merit.

The evidence to which defendant points is: Plaintiff's taking two new jobs after her injury, her apparent lack of need for medical attention before each, her ensuing claims that she was physically unfit for them, and her intentionally lifting a bin that she may or may not have known was too heavy for her. However, as noted, the Commission's findings must have absolutely no basis in the record for this Court to overturn them. Here, the Commission's conclusion that defendants presented no evidence on these two points seems to this Court entirely accurate; the evidence to which they now point is nothing more than a recitation of accepted facts which they attempt to cast in a sinister light. The Commission recited all of these facts in its findings. This assignment is overruled.

As to the final disputed finding of fact, defendants argue simply that the Commission's order did not explain in enough detail how it

concluded that the second injury was an aggravation of the first rather than an independent cause. However, the order goes through a chronology of plaintiff's treatment and injuries and, in making findings on this point, references plaintiff's medical records, the reports of her doctors, and plaintiff's own testimony.

Thus, because the Industrial Commission's findings in this order were supported by competent evidence, we affirm on this issue.

### III. Plaintiff's Appeal

[2] We first address defendants' argument that this appeal is moot and find it to be without merit. Although the situation has been resolved by the Industrial Commission's order, there is still the question of the ten percent (10%) penalty to be addressed (see below) if it is determined that there was an improper delay in paying the benefits owed to plaintiff.

Plaintiff argues that neither the order by Deputy Commissioner Phillips (the opinion and award entered 17 November 2005 revoking her benefits) nor the ensuing order by Chairman Lattimore (the February order holding the motion to reinstate compensation in abeyance) was a final, enforceable award allowing defendants to cease payments. This argument is without merit.

Where a party appeals a decision of the Industrial Commission to this Court, that appeal acts as a *supersedeas* to maintain the status quo as between the parties. *See* N.C. Gen. Stat. § 97-86 (2007). Plaintiff has cited to no case law, and this Court has found none, suggesting that the same holds true for an appeal of a decision of a deputy commissioner to the Full Commission. Indeed, such a holding would mean that, essentially, a decision by a deputy commissioner would have little to no meaning. As such, plaintiff's argument is without merit.

Further, defendants have complied with the procedure required for ceasing benefits after a trial return to work. Per Industrial Commission Workers' Compensation Rule 404A(5):

When the employer . . . has received a properly completed Form 28U and contests the employee's right to reinstatement of total disability compensation, it may suspend or terminate compensation only as provided in N.C. Gen. Stat. § 97-18.1 and/or pursuant to the provisions of N.C. Gen. Stat. § 97-83 and N.C. Gen. Stat. § 97-84.

Workers' Comp. R. of N.C. Indus. Comm'n 404A(5), 2008 Ann. R. N.C. 1069, 1070. Having received a Form 28U from plaintiff, defendant could cease making payments only on the basis of N.C. Gen. Stat. § 97-18.1, N.C. Gen. Stat. §§ 97-83 and -84, or both. The latter statutes, §§ 97-83 and -84, provide for a hearing before a member of the Industrial Commission and give guidelines for the administration of that hearing. Once that hearing has been held, "the deputy shall cause to be issued an award pursuant to such determination." N.C. Gen. Stat. § 97-84 (2007). Such a hearing was held in this case on 28 June 2005 before Deputy Commissioner Phillips. The opinion and award entered on 17 November 2005 as a result of that hearing authorized defendant employer to cease making payments to plaintiff. Thus, per Rule 404A(5) and N.C. Gen. Stat. §§ 97-83 and -84, defendant was authorized to stop making payments.

Plaintiff further asks that a late penalty be assessed against defendants for the payments that defendants should have made. Such a penalty is authorized by N.C. Gen. Stat. § 97-18(g) (2007), which states: "If any installment of compensation is not paid within 14 days after it becomes due, there shall be added to such unpaid installment an amount equal to ten per centum (10%) thereof, which shall be paid at the same time as, but in addition to, such install-ment[.]" Because this Court does not hold that defendants should have resumed payments after the 17 November order, we overrule this assignment of error.

IV.

As to defendants' appeal, because the Industrial Commission's findings in this order were supported by competent evidence, we affirm. As to plaintiff's appeal, because no law suggests that defendants improperly ceased payments to plaintiff on the basis of the individual commissioner's order, we affirm.

Affirmed.

Judges CALABRIA and STROUD concur.