CLAUDETTE FONVILLE, Employee, PLAINTIFF-APPELLANT v. GENERAL MOTORS CORP., D/B/A GMAC, EMPLOYER, SELF-INSURED (SEDGWICK CLAIM MANAGEMENT SERVICE, SERVICING AGENT), DEFENDANT-APPELLEE

No. COA09-120

(Filed 6 October 2009)

## 1. Workers' Compensation— disability payments—unilateral termination

The Industrial Commission erred in a workers' compensation case by determining that plaintiff was not entitled to disability compensation through the date she returned to work where defendant had been making payments pursuant to a Form 60 but unilaterally stopped payments without informing the Commission. Payment of compensation pursuant to a Form 60 constitutes payment pursuant to an award of the Commission, and once compensation under an award of the Commission begins, payments can only be stopped under certain circumstances and after following specific procedures.

## 2. Workers' Compensation— late penalty—unilateral termination of benefits

The portion of an Industrial Commission award denying a workers' compensation plaintiff a late payment penalty was remanded for a determination of the amount of late fees due where defendant unilaterally suspended payments that were due to plaintiff while a valid award of the Commission was still in effect.

### 3. Workers' Compensation— maximum medical improvement—evidence sufficient

The Industrial Commission did not err in a workers' compensation case in its determination of when maximum medical improvement was reached where the finding was fully supported by competent evidence.

### 4. Workers' Compensation— additional compensation denied—maximum medical improvement

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff was not entitled to additional medical treatment under N.C.G.S. § 97-25 where the evidence indicated that plaintiff had reached maximum medical improvement. There is nothing in the Commission's conclusion that would foreclose plaintiff from requesting additional treatment pursuant to N.C.G.S. § 97-25.1 before the statute of limitations runs.

Appeal by plaintiff from Opinion and Award entered 10 September 2008 by the North Carolina Industrial Commission. Heard in the Court of Appeals 20 August 2009.

*Prather Law Firm, by J.D. Prather, for plaintiff-appellant.*

*Rudisill, White & Kaplan, by Bradley H. Smith, for defendant-appellee.*

CALABRIA, Judge.

Claudette Fonville ("plaintiff") appeals from an Opinion and Award entered by the North Carolina Industrial Commission ("the Commission") denying plaintiff's claim for temporary total disability and medical benefits. We affirm in part and reverse and remand in part.

### I. Facts

On 13 July 2005, plaintiff, an employee of General Motors Corp., d/b/a GMAC ("defendant"), was injured while attending an employee appreciation luncheon. Plaintiff was struck in the head by the end of a tent pole. Defendant admitted compensability of the injury by filing a Form 60 with the Commission on 13 October 2005.

Plaintiff received medical treatment for her injury from a variety of medical providers from 13 July 2005 until 12 October 2005, when

Dr. Alvin Lue ("Dr. Lue"), her family physician, released her to work for twenty hours per week or four hours per day. After two days of work, plaintiff complained that looking at her computer caused pain in her head and left eye. Dr. Lue removed plaintiff from work and advised her to see an ophthalmologist. On 31 October 2005, after plaintiff's visit to an ophthalmologist, Dr. Lue released plaintiff to return to work two hours per day.

On 2 November 2005, plaintiff returned to Dr. Lue complaining of persistent headaches that made it impossible for her to work. Dr. Lue referred plaintiff to Dr. Carlo Yuson ("Dr. Yuson"), a neurologist. Dr. Yuson determined that plaintiff's headaches were the result of uncontrolled high blood pressure. On 29 November 2005, Dr. Yuson released plaintiff to return to work beginning 2 January 2006, with the belief that she would reach maximum medical improvement ("MMI") at that time.

On 22 November 2005, plaintiff was terminated by defendant for reasons unrelated to the injury she sustained. Defendant unilaterally discontinued plaintiff's total disability compensation payments at the end of January 2006. Defendant did not file any form or otherwise inform the Commission of their decision to terminate plaintiff's benefits. Plaintiff made no attempt to seek new employment from 2 January 2006 until September 2006. On 5 September 2006, plaintiff, through a temporary agency, found a job as a purchasing specialist, earning her pre-injury average weekly wage.

On 11 July 2006, plaintiff filed a request for hearing with the Commission. On 13 December 2007, an Opinion and Award was filed by Deputy Commissioner Chrystal Redding Stanback denying plaintiff's claim for additional compensation for disability as a result of the 13 July 2005 accident. On appeal, the Full Commission (with Commissioner Christopher Scott dissenting) affirmed the Opinion and Award. Plaintiff appeals.

## II. Standard of Review

This Court reviews an award from the Commission to determine: "(1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005). The "Commission is the sole judge of the credibility of the witnesses and the [evidentiary] weight to be given their testimony[;]" however, "findings of fact by the Commission may be set aside on appeal when there is a complete lack of competent evidence to sup-

port them." *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000) (citations and internal quotation marks omitted). "The Commission's findings of fact are conclusive on appeal if supported by competent evidence. This is so even if there is evidence which would support a finding to the contrary." *Sanderson v. Northeast Constr. Co.*, 77 N.C. App. 117, 121, 334 S.E.2d 392, 394 (1985) (citation omitted). The Commission's conclusions of law are reviewed *de novo. Griggs v. Eastern Omni Constructors*, 158 N.C. App. 480, 483, 581 S.E.2d 138, 141 (2003).

### III.  Cessation of Disability Payments

[1] Plaintiff argues that the Commission erred by concluding as a matter of law that plaintiff was not entitled to payment of disability compensation through the date plaintiff returned to work on 5 September 2006. We agree.

It is undisputed that defendant, pursuant to N.C. Gen. Stat. § 97-18(b), filed a Form 60, "Employer's Admission of Employee's Right to Compensation," and initiated payments of temporary total disability compensation to plaintiff. Under N.C. Gen. Stat. § 97-82(b),

> Payment pursuant to G.S. 97-18(b), or payment pursuant to G.S. 97-18(d) when compensability and liability are not contested prior to expiration of the period for payment without prejudice, shall constitute an award of the Commission on the question of compensability of and the insurer's liability for the injury for which payment was made. Compensation paid in these circumstances shall constitute payment of compensation pursuant to an award under this Article.

N.C. Gen. Stat. § 97-82(b) (2007). Thus, defendant's payment of compensation pursuant to a Form 60 constitutes payment pursuant to an award of the Commission. "Payments of compensation pursuant to an award of the Commission shall continue until the terms of the award have been fully satisfied." N.C. Gen. Stat. § 97-18.1(a) (2007).

Once the payment of compensation under an award of the Commission have been commenced, payments can only be terminated under certain circumstances and after following specific procedures. "An employer may terminate payment of compensation for total disability . . . when the employee has returned to work for the same or a different employer . . . or when the employer contests a claim pursuant to G.S. 97-18(d) within the time allowed thereunder." N.C. Gen. Stat. § 97-18.1(b) (2007). Otherwise,

FONVILLE v. GENERAL MOTORS CORP.

[200 N.C. App. 267 (2009)]

An employer seeking to terminate or suspend compensation. . . for a reason other than those specified in subsection (b) of this section *shall notify the employee and the employee's attorney of record in writing of its intent to do so on a form prescribed by the Commission.* A copy of the notice shall be filed with the Commission. This form shall contain the reasons for the proposed termination or suspension of compensation, be supported by available documentation, and inform the employee of the employee's right to contest the termination or suspension by filing an objection in writing with the Commission within 14 days of the date the employer's notice is filed with the Commission or within such additional reasonable time as the Commission may allow.

N.C. Gen. Stat. § 97-18.1(c) (2007) (emphasis added).

In the instant case, defendant's termination of plaintiff's compensation was not due to plaintiff's return to work or a claim by defendant pursuant to N.C. Gen. Stat. § 97-18(d). Therefore, defendant was required to follow the procedure delineated in N.C. Gen. Stat. § 97-18.1(c) in order to terminate plaintiff's compensation.

Rule 404 of the Industrial Commission sets out the procedure for terminating compensation pursuant to 97-18.1(c). Rule 404 states, in relevant part:

[T]he employer or carrier/administrator shall notify the employee and the employee's attorney of record, if any, on Form 24, "Application to Stop Payment of Compensation." The employer or carrier/administrator shall specify the legal grounds and the alleged facts supporting the application[.]

. . .

If the employee or the employee's attorney of record, if any, objects by the date inserted on the employer's Form 24, or within such additional reasonable time as the Industrial Commission may allow, the Industrial Commission shall set the case for an informal hearing, unless waived by the parties in favor of a formal hearing.

Workers' Comp. R. of N.C. Indus. Comm'n 404(2), 2009 Ann. R. N.C. 761-62. The procedure delineated in Rule 404 ensures that an injured worker receives due process before ongoing compensation payments are terminated. This procedure was not followed by defendant in this

case, and therefore defendant was not permitted to suspend payments to plaintiff until it either followed the requirements of N.C. Gen. Stat. § 97-18.1(c) and Rule 404(2) or until one of the requirements for termination under N.C. Gen. Stat. § 97-18.1(b) were met. Plaintiff returned to work on 5 September 2006 and it is on that date that defendant's obligation to make compensation payments terminated, pursuant to N.C. Gen. Stat. § 97-18.1(b) (2007).

Defendant argues that the Supreme Court's decision in *Clark v. Wal-Mart*, 360 N.C. 41, 619 S.E.2d 491 (2005), requires that plaintiff still prove "disability" in order to receive continued payments, even if defendant has admitted the "compensability" of plaintiff's injury. *Clark* is inapplicable to the instant case. In *Clark*, the employer admitted the injured employee's right to receive compensation pursuant to N.C. Gen. Stat. § 97-18(b), but disputed the permanent nature of the injury. *Id.* at 42, 619 S.E.2d at 492. Following the procedures established by the Workers' Compensation Act ("the Act") and the rules of the Commmission, the employer filed a request for hearing on that issue. *Id.* The *Clark* Court held that when "disability" is disputed, the employer's admission of "compensability" of an injury does not create a presumption of continued disability for the employee. *Id.* at 44, 619 S.E.2d at 493. In the instant case, defendant never requested a hearing to formally dispute the permanent nature of plaintiff's disability. If defendant had followed the law and requested a hearing, it would have been plaintiff's burden to prove continued disability. Instead, defendant determined unilaterally that it could terminate, without due process, plaintiff's compensation payments, in violation of the Act and the established rules and procedures of the Commission.

Defendant argues that interpreting the Act in this way would allow plaintiff to receive disability compensation even though she was not, in fact, disabled, resulting in an unintended windfall for plaintiff. This argument ignores the fact that defendant's desired outcome could have easily been obtained by simply following the procedures delineated by the Act and the rules of the Commission. Even if defendant had filed, pursuant to Rule 404, a Form 24 several months after it believed plaintiff was no longer disabled, it would still be entitled to "retroactive termination or suspension of compensation to a date preceding the filing of a Form 24 . . . as a result of a formal hearing." Workers' Comp. R. of N.C. Indus. Comm'n 404(8), 2009 Ann. R. N.C. 762. The "absurd result" complained of by defendant does not result from our interpretation of the Act, but rather from defendant's

failure to follow the Commission's clearly delineated procedures. Plaintiff is only entitled to compensation payments during the disputed period because defendant, after initiating payments pursuant to an award of the Commission, felt it could unilaterally suspend payments without regard to the Act, the rules of the Commission, or plaintiff's due process rights. Defendant cannot use a later determination that plaintiff was not disabled to justify its clear circumvention of established Commission procedures and plaintiff's due process rights. That portion of the Commission's Opinion and Award denying plaintiff compensation payments from 2 January 2006 through 5 September 2006 is hereby reversed and the matter remanded for a determination of the amount defendant owes plaintiff during that period.

## IV. Late Payment Penalty

[2] Under N.C. Gen. Stat. § 97-18(g):

> If any installment of compensation is not paid within 14 days after it becomes due, there shall be added to such unpaid installment an amount equal to ten per centum (10%) thereof, which shall be paid at the same time as, but in addition to, such installment, unless such nonpayment is excused by the Commission after a showing by the employer that owing to conditions over which he had no control such installment could not be paid within the period prescribed for the payment.

N.C. Gen. Stat. § 97-18(g) (2007). In the instant case, defendant unilaterally suspended payments that were due to plaintiff while a valid award of the Commission was still in effect. Defendant made no showing that these payments were not made due to conditions over which defendant had no control. Therefore, that portion of the Commission's Opinion and Award denying plaintiff a 10% late payment penalty for payments not paid by defendants when due between 2 January 2006 and 5 September 2006 is reversed and the matter remanded for a determination of the amount of late fees due to plaintiff as a result of defendant's failure to make timely payments.

## V. Maximum Medical Improvement

[3] Plaintiff argues that the Commission erred by concluding that plaintiff reached MMI on 2 January 2006. We disagree.

In its Opinion and Award, the Commission found as fact and concluded as a matter of law that plaintiff reached MMI on 2 January

2006. The Commission's finding of fact was fully supported by competent evidence. Plaintiff was seen by Dr. Yuson on 29 November 2005, at which time he wrote a letter stating that plaintiff was unable to return to work until 2 January 2006. Dr. Yuson's letter stated: "At this point I think that the patient is on the mend and I believe that she will be expected to be at MMI in (sic) January 2, 2006. At that point, she is released to full time duty." There is no medical evidence in the record that contradicts Dr. Yuson's conclusion or otherwise suggests plaintiff required additional treatment for her injury. The Commission also found as fact, undisputed by plaintiff, that plaintiff's testimony regarding her continuing symptoms was not credible and that plaintiff failed to seek any additional medical treatment after seeing Dr. Yuson on 29 November 2005. This evidence sufficiently supports the Commission's conclusion that plaintiff reached MMI on 2 January 2006. This assignment of error is overruled.

## VI.  Additional Medical Compensation

[4] Plaintiff argues that the Commission erred by concluding that plaintiff did not need and was not entitled to any additional medical treatment resulting from her injury. We disagree.

An employee may seek compensation under N.C. Gen. Stat. § 97-25 for additional medical treatment when such treatment "lessens the period of disability, effects a cure or gives relief." *Parsons v. Pantry, Inc.*, 126 N.C. App. 540, 541-42, 485 S.E.2d 867, 869 (1997) (citation omitted). Any claim for additional medical compensation must be made within "two years after the employer's last payment of medical or indemnity compensation" unless the employee, prior to the expiration of the two-year period, files a claim for additional medical compensation, or the Commission orders additional medical compensation on its own motion. N.C. Gen. Stat. § 97-25.1 (2007).

In the instant case, the Commission found as fact, supported by competent evidence, that plaintiff reached MMI on 2 January 2006. The Commission also found, supported by competent evidence, that no medical evidence existed that showed plaintiff either required any additional medical treatment after that date or that plaintiff suffered any permanent injury. Since the evidence indicated that plaintiff had reached MMI, there could be no medical treatment that would lessen the period of plaintiff's disability, effect a cure or otherwise give plaintiff relief. The Commission correctly concluded that plaintiff did not need and was not entitled to any additional medical treatment

under N.C. Gen. Stat. § 97-25. Contrary to plaintiff's assertions, there is nothing in the Commission's conclusion that would foreclose plaintiff from requesting additional treatment pursuant to N.C. Gen. Stat. § 97-25.1 if such treatment became necessary before the applicable statute of limitations ran. This assignment of error is overruled.

## VII. Conclusion

The portions of the Commission's Opinion and Award denying plaintiff compensation payments and late payment penalties from 2 January 2006 through 5 September 2006 are reversed and remanded for a determination of the amount owed to plaintiff by defendant. The remaining portions of the Opinion and Award are affirmed.

Affirmed in part, reversed in part, and remanded.

Judges BRYANT and ELMORE concur.