WILLIAM I. NORMAN, Plaintiff v. FOOD LION, LLC/DELHAIZE AMERICA, INC., and
RISK MANAGEMENT SERVICES, INC., Servicing Agent Defendants

No. COA10-1175

(Filed 19 July 2011)

**Workers' Compensation— penalty for late payment—award
not due until all appeals exhausted or waiver**

The Industrial Commission erred in a workers' compensation
case by assessing a ten percent penalty against defendants for
their alleged late payment of an award for temporary total dis-
ability. N.C.G.S. §§ 97-18(e) and 97-86 provide that payment of an
award does not become due until all appeals are exhausted or a
party waives the right to appeal.

Appeal by Defendants from the Order of the full Commission of
the North Carolina Industrial Commission filed 2 July 2010. Heard in
the Court of Appeals 9 February 2011.

*Doran, Shelby, Pethel and Hudson, P.A., by David A. Shelby, for
Plaintiff-appellee.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Joel K.
Turner, Shelley W. Coleman, and M. Duane Jones, for
Defendant-appellants.*

HUNTER, JR., Robert N., Judge.

Food Lion, LLC/Delhaize America, Inc., and Risk Management
Services, Inc. ("Defendants") appeal from the Industrial Commission's
2 July 2010 Order assessing a ten percent penalty against Defendants
for their late payment of the Deputy Commissioner's 27 April 2010
Award for Temporary Total Disability ("TTD") compensation to
William I. Norman ("Plaintiff"). Defendants argue N.C. Gen. Stat.
§§ 97-18(e) and 97-86 of the Workers' Compensation Act should be
read together to find that payment of an award of the Industrial
Commission does not become due until all appeals are exhausted or
a party waives the right to appeal. We agree and reverse the Opinion
and Award of the full Commission.

*I. Factual and Procedural Background*

On 5 November 2008, Plaintiff suffered an injury while working in
Defendant Food Lion's distribution facility. The circumstances under-
lying Plaintiff's injury are not pertinent to this appeal. After receiving

notice of Plaintiff's injury, Defendants contested the compensability of the injury and filed a Form 61 with the Industrial Commission, denying Plaintiff's claim.

On 20 October 2009, Deputy Commissioner Robert W. Rideout Jr. issued an Opinion and Award granting TTD benefits to Plaintiff. Defendants appealed the Award to the full Commission, which affirmed the Deputy Commissioner's award of TTD benefits on 27 April 2010. Defendants did not appeal this decision and paid the award to Plaintiff on 2 June 2010.

On 4 June 2010, Plaintiff filed a motion with the full Commission seeking a ten percent late payment penalty provided by N.C. Gen. Stat. § 97-18(g) for Defendant's failure to timely pay Plaintiff's TTD benefits pursuant to the Deputy Commissioner's 20 October 2009 Opinion and Award. *Plaintiff cited Roberts v. Dixie News, Inc.*, 189 N.C. App. 495, 658 S.E.2d 684 (2008), for the proposition that an award of a deputy commissioner is not automatically stayed by an appeal from the award to the full Commission. Because Defendants did not file a request for stay of the Deputy Commissioner's Opinion and Award pending appeal, Plaintiff argued, Defendants' payment of TTD benefits was late and the ten percent late payment penalty prescribed by N.C. Gen. Stat. § 97-18(g) was owed to Plaintiff.

On 2 July 2010, the full Commission, citing *Roberts*, entered an Order granting Plaintiff's Motion and assessed a ten percent late payment penalty against Defendants. Defendants appeal from this Order.

## II. Jurisdiction and Standard of Review

Our standard of review for an appeal from an opinion and award of the full Commission is limited to the consideration of two issues: (1) whether the Industrial Commission's findings of fact are supported by competent evidence; and (2) whether its conclusions of law are supported by the findings of fact. *Goff v. Foster Forbes Glass Div.*, 140 N.C. App. 130, 132-33, 535 S.E.2d 602, 604 (2000) (citation omitted). "Findings of fact are supported by competent evidence, and therefore conclusive on appeal, '[if] the record contains any evidence tending to support the finding.'" *Lewis v. N.C. Dep't of Corr.*, 167 N.C. App. 560, 564, 606 S.E.2d 199, 202 (2004) (alteration in original) (quoting *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998)). We review the Industrial Commission's conclusions of law *de novo*. *Lewis v. Sonoco Prods. Co.*, 137 N.C. App. 61, 68, 526 S.E.2d 671, 675 (2000). Furthermore, "'[w]hen the Commission acts under a misapprehension of the law, the award must be set aside and the case

remanded for a new determination using the correct legal standard.' "
*Davis v. City of New Bern*, 189 N.C. App. 723, 726, 659 S.E.2d 53, 56
(2008) (alteration in original) (quoting *Ballenger v. ITT Grinnell
Indus. Piping, Inc.*, 320 N.C. 155, 158, 357 S.E.2d 683, 685 (1987)).

## III. Analysis

Defendants argue that the full Commission erred in awarding
Plaintiff a ten percent late payment penalty for their alleged late pay-
ment of Plaintiff's TTD benefits. Defendants argue that, pursuant to
N.C. Gen. Stat. §§ 97-18 and 97-86, payment of workers' compensation
benefits under an award of the Industrial Commission does not
become due until all appeals are exhausted or a party waives the right
to appeal. As Defendants timely appealed the Deputy Commissioner's
award to the full Commission, and subsequently paid Plaintiff's TTD
benefits pursuant to the full Commission's decision, their payment of
Plaintiff's compensation was timely. We agree.

Section 97-18 of our General Statutes establishes when workers'
compensation benefits must be paid. N.C. Gen. Stat. § 97-18 (2009).
Subsection 97-18(e) provides that "[t]he first installment of compen-
sation payable under the terms of an award by the Commission, or
under the terms of a judgment of the court upon an appeal from such
an award, shall become due 10 days from the day following expiration
of the time for appeal from the award." *Id.* § 97-18(e). Subsection
97-18(g) provides that "[i]f any installment of compensation is not
paid within 14 days after it becomes due, there shall be added to such
unpaid installment an amount equal to ten per centum (10%) thereof,"
absent a showing by the employer of circumstances beyond the
employer's control that prevented timely payment. *Id.* § 97-18(g).

Furthermore, our workers' compensation statutes provide that
either party may appeal an award from the Deputy Commissioner to
the full Commission and from the full Commission to the Court of
Appeals. Specifically, section 97-85 provides that a deputy commis-
sioner's decision can be appealed within 15 days of the date when
notice of the award is provided. *Id.* § 97-85. Additionally, an award of
the full Commission may be appealed to the Court of Appeals "within
30 days from the date of such award or within 30 days after receipt of
notice" of the award. *Id.* § 97-86. Pursuant to these sections,
Defendants correctly assert that Plaintiff's compensation did not
become due until after the time to appeal the decision of the full
Commission had expired.

Deputy Commissioner Rideout issued his Opinion and Award on 20 October 2009. Within the 15-day time period prescribed by section 97-85, Defendants gave timely notice of appeal from the Deputy Commissioner's Opinion and Award to the full Commission on 21 October 2009. Subsequently, the full Commission issued its Opinion and Award on 27 April 2010. Pursuant to section 97-86, Defendants then had 30 days to appeal the decision of the full Commission to the Court of Appeals. Furthermore, pursuant to section 97-18(e), the first installment of Plaintiff's compensation would not become due until "10 days from the day following expiration of the time for appeal from the award," or 6 June 2010, which is 40 days after the date of the full Commission's Award. N.C. Gen. Stat. § 97-18(e). Defendants did not appeal the Award and timely paid Plaintiff on 2 June 2010.

Plaintiff cites *Roberts* in support of his argument that the full Commission did not err in assessing the ten percent late penalty against Defendants. In *Roberts*, the plaintiff-employee argued that a deputy commissioner's opinion and award is not a final, enforceable award, but should be stayed during an appeal. *Roberts*, 189 N.C. App. at 500,.658 S.E.2d at 687. Rejecting that argument, this Court noted that while section 97-86 provides that an appeal from a decision of the Commission to the Court of Appeals acts as a "*supersedeas* to maintain the status quo as between the parties," the Court found no case law to suggest "the same holds true for an appeal of a decision of a deputy commissioner to the Full Commission." *Id.* (citing N.C. Gen. Stat. § 97-86 (2007); *compare* N.C. Gen. Stat. § 97-86 (2009) (providing for appeal from decision of the full Commission to the Court of Appeals and stating that an appeal shall operate as a *supersedeas*), with N.C. Gen. Stat. § 97-85 (2009) (providing for the full Commission's review of an award with no mention of a *supersedeas*).

Plaintiff argues that because this Court concluded in *Roberts* that an appeal from the deputy commissioner's opinion and award to the full Commission does not act as *supersedeas*, Defendants were required to abide by the 27 April 2010 Award and pay Plaintiff accordingly. Because Defendants did not pay Plaintiff until the full Commission affirmed the Deputy Commissioner's Award, Plaintiff contends the payments were late and a ten percent late penalty pursuant to section 97-18(g) was appropriate. N.C. Gen. Stat. § 97-18(g). Plaintiff's argument, however, relies on a misinterpretation of our statutes and case law.

*Roberts* was procedurally and substantively distinct from the present case. It did not address, and does not control, when the initial

payment of an award of the Commission becomes due. *Roberts,* 189 N.C. App. at 500-01, 658 S.E.2d at 687. Rather, the *Roberts* Court addressed whether the employer, who had admitted compensability of the employee's injury and began payment of compensation, was justified in relying on a deputy commissioner's decision regarding the *termination* of benefits during the pendency of the employee's appeal. *Id.* at 501, 658 S.E.2d at 687. When the plaintiff-employee in *Roberts* sustained a second injury while working for a different employer, the defendant-employer sought to terminate the employee's compensation pursuant to section 97-18.1. *Id.*; N.C. Gen. Stat. § 97-18.1(b) (2009) (stating "[a]n employer may terminate payment of compensation for total disability . . . when the employee has returned to work for the same or a different employer" pending approval by the Commission). Following a hearing on the matter, the Deputy Commissioner issued an opinion and award authorizing the employer to cease payment of compensation. *Roberts,* 189 N.C. App. at 501, 658 S.E.2d at 687. The *Roberts* Court concluded the employer was therefore not required to resume payments during the employee's appeal and a late payment penalty was not appropriate. *Id.; but cf. Fonville v. Gen. Motors Corp.,* 200 N.C. App. 267, 273, 683 S.E.2d 445, 449 (2009) (concluding employer was liable for late payment penalty where employer, after admitting compensability of injury, unilaterally suspended payments without following statutory procedures for termination of compensation).

Significantly, *Roberts* did not interpret section 97-18, which controls when payment of workers' compensation benefits are due. N.C. Gen. Stat. § 97-18. Furthermore, we find nothing in *Roberts* that contradicts section 97-18(e), which explicitly states that an *initial* payment of benefits pursuant to an award of the Commission is not payable until after the time for appeal has expired. N.C. Gen. Stat. § 97-18(e) (stating "[t]he first installment of compensation payable under the terms of an award . . . shall become due 10 days from the day following expiration of the time for appeal" or one day after notice of a party's waiver of appeal). Implicitly, this language provides for a stay of a deputy commissioner's award when appealed before the first installment is paid. It follows that when an employer has been ordered to pay compensation pursuant to an award, but maintains an appeal, payment will not become due until the party waives the right to appeal, or all appeals have been exhausted.

We find support for this conclusion in *Morales-Rodriguez v. Carolina Quality Exteriors, Inc.,* — N.C. App. —, —, 698 S.E.2d

91, 95 (2010), in which this Court addressed when payment under an award becomes due during an appeal from an opinion and award of the Commission. In *Morales-Rodriguez*, the employer initially denied liability for compensation of the employee's injury, the deputy commissioner awarded benefits to the employee, and the employer appealed. *Id.* at ——, ——, 698 S.E.2d at 93, 95. The full Commission awarded the employee TTD benefits, assessed a ten percent late penalty against the employer for late payment of compensation, and the employer appealed to this Court. *Id.* at ——, 698 S.E.2d at 95.

Addressing the employer's argument that the Commission erred in awarding the late penalty, we noted that section 97-18(e) provides that an award becomes due ten days after the time to appeal the full Commission's Opinion and Award. *Id.* (quoting N.C. Gen. Stat. § 97-18(e)). Further, we cited section 97-85, which provides a party 15 days to appeal the Deputy Commissioner's award to the full Commission, and section 97-86, which provides a party 30 days to appeal the full Commission's award to this Court. *Id.* (citing N.C. Gen. Stat. §§ 97-85 to -86). We then concluded that because the employer had timely appealed the Deputy Commission's award and timely appealed the full Commission's award "no payment had become due at the time of the Full Commission's Opinion and Award." *Id.* The full Commission erred in assessing the employer with the late penalty provided by section 97-18(g). *Morales-Rodriguez*, —— N.C. App. at ——, 698 S.E.2d at 95 (citing N.C. Gen. Stat. § 97-18(g)).

Lastly, our conclusion that Plaintiff's reliance on *Roberts* is misplaced is further supported by our General Assembly's inclusion of section 97-86.2 in the Workers' Compensation Act. Section 97-86.2 provides that

> [i]n any workers' compensation case in which an order is issued either granting or denying an award to the employee *and where there is an appeal resulting in an ultimate award to the employee,* the insurance carrier or employer *shall pay interest* on the final award or *unpaid portion thereof from the date of the initial hearing on the claim,* until paid at the legal rate of interest provided in G.S. 24-1.

N.C. Gen. Stat. § 97-86.2 (emphasis added). This statute necessarily anticipates a defendant would not pay an award issued by a deputy commissioner when the award is appealed to the full Commission, as interest accrues from the date of the initial hearing before the deputy commissioner. *Id.* Plaintiff's interpretation of *Roberts* as requiring

immediate payment of a deputy commissioner's award despite the award being appealed would impermissibly render section 97-86.2 unnecessary.

## IV. Conclusion

In summary, we conclude *Roberts* does not control when an employer must initiate payment of a worker's compensation award, and *Morales-Rodriguez* established that an award is not due during the pendency of an appeal. In the present case, Defendants contested the compensability of Plaintiff's injury and timely appealed the Deputy Commissioner's Award to the full Commission. Thus, as in *Morales-Rodriguez*, no payment was due prior to the 27 April 2010 Opinion and Award of the full Commission. Because Defendants paid the Award to Plaintiff on 2 June 2010—within 10 days after the 30 days permitted to appeal the decision to this Court—Defendants complied with N.C. Gen. Stat. §§ 97-18(e) and 97-86. Their payment was timely and the full Commission erred in assessing Defendants with a late payment penalty. The full Commission's 27 April 2010 Opinion and Award is

Reversed.

Judges CALABRIA and STROUD concur.