BRYANT, Judge.
Where plaintiff failed to establish that he made a reasonable effort to search for employment and failed to establish the futility of such a search, we affirm the Commission's conclusion that plaintiff failed to establish disability. And where plaintiff's request for additional medical compensation was barred by a two-year statute of limitations, we affirm the Commission's denial of the request.
Pursuant to the record, on 31 July 2002, plaintiff Andree Myles was working as an employee of defendant employer LMS, Inc. when he sustained a compensable injury: plaintiff was unloading a truck when the brake on a pallet jack failed causing the pallet to pin plaintiff's leg. Plaintiff was diagnosed with a broken ankle. On 3 August 2002, Dr. Howard Brown, an orthopaedic specialist, "performed open reduction internal fixation surgery on Plaintiff's left ankle." On 7 January 2003, Dr. Brown performed a second surgery "due to a nonunion of the fibular, syndesmosis rupture and broken hardware." Still, plaintiff experienced persistent pain in his ankle. On 21 April 2003, plaintiff was examined by Dr. Sarah E. DeWitt, a board-certified orthopaedic surgeon specializing in the foot and ankle complex. Dr. DeWitt noted that the screw utilized during the first surgery was too long; she removed it during a surgery performed on 24 April 2003. Plaintiff continued to experience pain. Further examination "revealed a nonunion of the fibula," but plaintiff notified Dr. DeWitt that he did not want another surgery. Dr. DeWitt provided plaintiff with a brace. On 8 March 2004, "Dr. DeWitt released plaintiff at maximum medical improvement with the following permanent restrictions: sedentary work only, with short periods of standing and walking allowed. Dr. DeWitt assigned a fifteen percent (15%) permanent partial impairment rating to Plaintiff's left foot." On 12 August 2005, plaintiff returned to Dr. DeWitt complaining of medial ankle pain. "Dr. DeWitt diagnosed Plaintiff with left Achilles tendonitis, left subtalar and talo navicular symptoms. [But] Dr. DeWitt opined that Plaintiff's left Achilles tendonitis was not related to his July 31, 2002 work injury." Dr. DeWitt testified that as of 12 August 2005, plaintiff "had done everything that he could basically do in terms of treatment for his ankle."
Following plaintiff's 31 July 2002 injury, defendants filed a Form 63 accepting the injury as compensable and initiated payment of temporary total disability payments on 31 August 2002.
On 7 February 2006, plaintiff was incarcerated for a felony and sentenced to a term of eight to ten years. On 15 May 2006, defendants filed a Form 24 Application to terminate plaintiff's indemnity benefits.
On 13 June 2006, Special Deputy Commissioner Layla T. Santa Rosa approved defendant's Form 24 application to terminate benefits. Citing Parker v. Union Camp , 108 N.C. App. 85, 422 S.E.2d 585 (1992), the special deputy commissioner ruled that "[d]efendants [were] allowed to suspend a Plaintiff's temporary total disability compensation during any period of incarceration...." Defendants had paid plaintiff indemnity benefits from the date of his incarceration, 7 February 2006, through 14 June 2006 (the day following the hearing on the Form 24 application to terminate benefits), for a total of $2,756.70.
After eight years in prison, plaintiff was released from incarceration on 12 August 2014. Upon release, plaintiff filed a Form 23 Application to Reinstate Payment of Disability Compensation seeking reinstatement of his temporary total disability benefits and additional medical treatment for his ankle. Defendants argued that plaintiff's application should be denied for plaintiff's failure to meet the burden of showing ongoing disability and that plaintiff's claim for additional medical treatment was barred by General Statutes, section 97-25.1.
An informal hearing took place before Special Deputy Commissioner Emily M. Baucom, and by administrative order, plaintiff's Form 23 application was denied. On 12 October 2014, plaintiff appealed the denial seeking a full evidentiary hearing. Following a hearing before Deputy Commissioner Melanie Wade Goodwin, the deputy commissioner entered a 26 May 2015 opinion and award which awarded plaintiff temporary total disability benefits from the time of his release from prison until such time as he returns to work, or as ordered by the Commission. Defendants were also ordered to pay for such medical treatment as was necessitated by the previous compensable injury and for plaintiff's vocational rehabilitation. Defendants appealed to the Full Commission (the Commission).
Following a hearing on the matter, the Commission entered its opinion and award on 4 March 2016. The Commission found that the 13 June 2006 Order by Special Deputy Commissioner Santa Rosa "did not address Plaintiff's right to ongoing or future medical compensation" as that issue had not been raised before the Special Deputy Commissioner, and the order "only suspended Plaintiff's temporary total disability compensation and did not stay or suspend Plaintiff's right to ongoing or future medical treatment." However, "because the last payment of medical compensation made by Defendants on March 7, 2006 was more than two years prior to Plaintiff's Form 33 filing on October 12, 2014 requesting additional medical compensation, Plaintiff's right to additional medical compensation [was] time barred." Further, defendants should have resumed Plaintiff's indemnity benefits following his release from incarceration. However, the Commission found that following his release from prison, plaintiff had a duty to prove he remained disabled as a result of his work-related injury and that he failed to prove he remained temporarily totally disabled. Thus, the Commission concluded that plaintiff was entitled to indemnity benefits effective 13 August 2014 (the day following plaintiff's release from incarceration) through 2 December 2014 (the day the matter was heard before Deputy Commissioner Goodwin) and that defendants were entitled to a credit against the unpaid indemnity benefits in the amount of $2,756.70 (the amount of the indemnity benefits defendants paid plaintiff between the date of his incarceration, 7 February 2006, through 14 June 2006). Plaintiff appeals.
_________________________
On appeal, plaintiff questions whether the Commission erred by (I) concluding plaintiff was not entitled to benefits beyond the date of the 2 December 2014 hearing; (II) concluding plaintiff had not met his burden of proof for disability; and (III) concluding plaintiff was time barred from receiving medical compensation.
Standard of review
"The Workers' Compensation Act and the decisions of this Court clearly state that the Commission is the sole judge of the credibility of the witnesses and the weight of the evidence." Hassell v. Onslow Cnty. Bd. of Educ. , 362 N.C. 299, 305, 661 S.E.2d 709, 714 (2008) (citing N.C.G.S. §§ 97-84 to -86 (2007)); see also Adams v. AVX Corp. , 349 N.C. 676, 680-81, 509 S.E.2d 411, 413 (1998) (citing Anderson v. Lincoln Constr. Co. , 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965) ).
Our standard of review for an appeal from an opinion and award of the full Commission is limited to the consideration of two issues: (1) whether the Industrial Commission's findings of fact are supported by competent evidence; and (2) whether its conclusions of law are supported by the findings of fact. Findings of fact are supported by competent evidence, and therefore conclusive on appeal, if the record contains any evidence tending to support the finding. We review the Industrial Commission's conclusions of law de novo .
Norman v. Food Lion, LLC , 213 N.C. App. 587, 588, 713 S.E.2d 507, 508 (2011) (citations omitted). "Unchallenged findings of fact are presumed to be supported by competent evidence and are binding on appeal." Bishop v. Ingles Mkts, Inc. , 233 N.C. App. 431, 434, 756 S.E.2d 115, 118 (2014) (citation omitted).
[Our] Court does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding. The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence.
Hassell , 362 N.C. at 305, 661 S.E.2d at 714 (citations omitted).
I
First, plaintiff argues that the Commission erred by concluding that he was not entitled to benefits beyond 2 December 2014, the day the matter for reinstatement of benefits was heard before Deputy Commissioner Goodwin, following plaintiff's release from prison. Plaintiff contends the Commission correctly concluded that plaintiff was entitled to a reinstatement of benefits following his release from prison, as his benefits were suspended only during the period of incarceration; however, the Commission erred by concluding that plaintiff failed to meet his burden of proof to establish disability. We disagree.
"Disability," within the North Carolina Workers' Compensation Act, "means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C.G.S. § 97-2(9). The employee seeking compensation under the Act bears the burden of proving the existence of [his] disability and its extent. In order to support a conclusion of disability, whether temporary or permanent, the Commission must find that the employee has shown:
(1) that [he] was incapable after [his] injury of earning the same wages [he] had earned before [his] injury in the same employment, (2) that [he] was incapable after [his] injury of earning the same wages [he] had earned before [his] injury in any other employment, and (3) that [his] incapacity to earn was caused by [his] injury.
Clark v. Wal-Mart , 360 N.C. 41, 43, 619 S.E.2d 491, 493 (2005) (quoting Hilliard v. Apex Cabinet Co. , 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982) ) (citation omitted).
A plaintiff can meet this burden by offering: (1) medical evidence demonstrating that, as a consequence of the work related injury, the plaintiff is unable to work in any employment; (2) evidence that the plaintiff is capable of some employment, but after a reasonable effort, the plaintiff has been unable to obtain any employment; (3) evidence that the plaintiff is able to do some work, but that efforts to seek other work would be futile because of the plaintiff's preexisting conditions, such as age, inexperience, or lack of education; or (4) evidence that the new employment is at a lower wage than the plaintiff earned before the injury.
Gilberto v. Wake Forest Univ. , 152 N.C. App. 112, 116, 566 S.E.2d 788, 792 (2002) (citing Russell v. Lowes Prod. Distrib. , 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) ).
Per the Commission's findings of fact, plaintiff sustained a compensable injury to his ankle on 31 July 2002. Defendants initiated temporary total disability compensation on 13 August 2002. Plaintiff was incarcerated on 7 February 2006, and defendants were allowed to "suspend payment of compensation from February 7, 2006 until plaintiff [was] no longer incarcerated." Plaintiff was released from prison on 12 August 2014. Upon release, Plaintiff filed a Form 23 seeking reinstatement of benefits. Defendants contested the application contending that plaintiff failed to meet his burden of proof to show an ongoing disability. At a hearing on the matter, plaintiff testified that following his release from incarceration, he applied for work at a chicken plant and at a loading company; however, the Commission noted that plaintiff failed to provide the names of the companies, the dates he applied, or a copy of his applications to corroborate his testimony. "Based upon a preponderance of the evidence in view of the entire record, the ... Commission finds that Plaintiff did not make a reasonable but unsuccessful search for work. Plaintiff's work search was minimal."
Plaintiff challenges only the Commission's finding/conclusion under the second prong of the Russell test that he did not make a reasonable search for work ("(2) evidence that the plaintiff is capable of some employment, but after a reasonable effort, the plaintiff has been unable to obtain any employment[,]" Gilberto , 152 N.C. App. at 116, 566 S.E.2d at 792 (citing Russell , 108 N.C. App. at 765, 425 S.E.2d at 457 )), and argues that given his education, work history, and physical condition, search for employment would be futile ("(3) evidence that the plaintiff is able to do some work, but that efforts to seek other work would be futile because of the plaintiff's preexisting conditions, such as age, inexperience, or lack of education" id. ).
As to the reasonableness of plaintiff's search, "[our] Court does not have the right to weigh the evidence and decide the issue on the basis of its weight." Hassell , 362 N.C. at 305, 661 S.E.2d at 714 ; see also Gilberto , 152 N.C. App. at 117, 566 S.E.2d at 792 (upholding the Commission's finding of fact that the plaintiff failed to make reasonable efforts to obtain work where the plaintiff sent out twenty-six applications for jobs over a period of almost five years). As there is evidence to support the Commission's finding that plaintiff performed a minimal job search and did not conduct a reasonable search as considered by Russell , we overrule plaintiff's argument.
As to the futility of plaintiff's job search, the Commission found that "[p]laintiff had been released to return to work by his treating physician with permanent restrictions of sedentary work only with short periods of standing and walking allowed." On appeal, plaintiff points to his injury, that his prior work history involved only physical labor, and that he applied for two jobs as evidence of the futility of his job search.[1] We hold that plaintiff failed to present sufficient evidence to establish "that it would be futile due to preexisting conditions to search for work." See Peoples v. Cone Mills Corp. , 316 N.C. 426, 442-43, 342 S.E.2d 798, 808-09 (1986) (holding it was futile to require the plaintiff to establish his unsuccessful search for employment as proof of disability where the plaintiff had little education, was of such advanced age that after the time it would take to obtain more education, "he would have scant hope of using it," the plaintiff's highest educational level was entry into the sixth grade, the plaintiff-then fifty-seven-had worked only in textile manufacturing since he was twenty-five years old performing only physically demanding, unskilled work, where there was evidence that he had no experience with even simple household financial matters, as his wife filed taxes and balanced the checkbook, and where an expert testified that the plaintiff could not undertake significant gainful employment existing in the regional and national economies in significant numbers). As it was plaintiff's burden to establish futility and plaintiff failed to meet that burden, we uphold the Commission's finding/conclusion that "[plaintiff] has not shown that it would be futile due to preexisting conditions to search for work." Accordingly, plaintiff's arguments are overruled.
II & III
Next, plaintiff argues that he has proved disability and is entitled to additional medical treatment with his authorized treating physician and additional medical compensation in the form of vocational rehabilitation. We disagree.
Pursuant to North Carolina General Statutes, section 97-25.1,
[t]he right to medical compensation shall terminate two years after the employer's last payment of medical or indemnity compensation unless, prior to the expiration of this period, either: (i) the employee files with the Commission an application for additional medical compensation which is thereafter approved by the Commission, or (ii) the Commission on its own motion orders additional medical compensation. If the Commission determines that there is a substantial risk of the necessity of future medical compensation, the Commission shall provide by order for payment of future necessary medical compensation.
N.C. Gen. Stat. § 97-25.1 (2015).
Here, the Commission made the following unchallenged findings of fact. Plaintiff sustained a compensable injury to his ankle on 31 July 2002. Defendants initiated temporary total disability compensation on 13 August 2002. On 8 March 2004, Dr. DeWitt released plaintiff from medical treatment at maximum medical improvement with the following permanent restrictions: sedentary work only, with short periods of standing and walking allowed. Dr. DeWitt assigned a fifteen percent permanent partial impairment rating to plaintiff's ankle. On 7 February 2006, plaintiff was incarcerated and sentenced to a term of eight to ten years. On 13 June 2006, Special Deputy Commissioner Santa Rosa ruled that defendants could suspend plaintiff's indemnity benefits. However, "Special Deputy Commissioner Santa Rosa did not address Plaintiff's right to ongoing or future medical compensation as the issue of Plaintiff's right to ongoing or future medical compensation was not raised in Defendant's May 15, 2006 Form 24 Application...." The 13 June 2006 order "did not stay or suspend Plaintiff's right to ongoing or future medical treatment." "Within the first two or three years after being incarcerated Plaintiff did not request, through his attorney, any additional medical treatment for his ankle from the workers' compensation carrier." Plaintiff was released from prison on 12 August 2014. Upon release, Plaintiff filed a Form 23 seeking reinstatement of benefits. At the hearing on plaintiff's application to reinstate benefits, plaintiff testified that he needed additional medical treatment for his ankle because he believed one of the screws was "backing out." Noting the testimony of plaintiff's treating physician, the Commission found that
Dr. DeWitt testified that it is not customary to evaluate hardware in the ankle years later and repeated evaluations are not necessary. Dr. DeWitt testified that if the screw starts backing out, then that would warrant an evaluation. However, Dr. DeWitt testified that a screw "backing" out is rare and in Plaintiff's case it would be unlikely that the screw surgically placed in his ankle was "backing" out.
On these unchallenged findings, the Commission concluded that more than two years had passed between the last payment of medical compensation defendants made (7 March 2006) and the filing of plaintiff's Form 33 application requesting additional medical compensation (12 October 2014). Thus, "[p]laintiff's request for additional medical compensation [was] untimely and barred by N.C. Gen. Stat. § 97-25.1 ; Busque v. Mid-America Apt. Cmtys. , 209 N.C. App. 696, 707 S.E.2d 692 (2011) [ (holding the plaintiff's right to medical compensation for injury to her ankle was barred by the application of G.S. § 97-25.1, where her 2007 application for additional medical compensation was more than two years beyond the defendants' last payment of medical compensation in 2003) ]." These unchallenged findings of fact indicate that plaintiff's 12 October 2014 request for additional medical compensation was filed more than two years after defendants' last payment of medical compensation on 7 March 2006. Therefore, plaintiff's request for medical compensation is barred pursuant to General Statutes, section 97-25.1.
Plaintiff further argues that his right to medical compensation was reset upon the resumption of his indemnity benefits following his release from prison, but plaintiff provides no support for this argument. Accordingly, plaintiff's arguments are overruled.
AFFIRMED.
Report per Rule 30(e).
Judge CALABRIA and STEPHENS concur.

We note that the record indicates plaintiff graduated from high school in 1992 [R. p. 100 #21] and at the time of the hearing before the Commission, plaintiff was 37 years of age. [R. p. 56, 116].